## ANTONIADES & MITROU v. PAN AMERICAN PETROLEUM & TRANSPORT CO.

District Court, S. D. New York.
July 15, 1930.

Cutting, Phillips & Hall, of New York City, for plaintiff.

Kellogg, Emery & Inness-Brown, of New York City, for defendant.

GODDARD, District Judge.

It seems to me that this amended complaint does allege an agreement by the parties to enter into a joint adventure. In paragraphs 8, 11, and 19, it is in substance alleged that the agreement was entered into subject to such modifications as might be mutually determined upon, and further that it was agreed that other details which had not then been decided should be later, and that failure to agree upon them should not affect the obligations of the respective parties jointly to carry out the venture. In regard to the contention of defendant that plaintiff has failed to allege agreement on "differentials" which was of the essence, the complaint in paragraph 16 alleges, "It was agreed that said differentials would be as more particularly set forth in 'Schedule D.'" The fact that this schedule states that these differentials might be modified by mutual consent later does not destroy the binding effect of the original agreement on differentials if the plaintiff is actually able to prove upon trial such an original agreement. If the essential elements of a joint adventure are established, indefiniteness in details of operation does not invalidate the agreement. In re Taub (C. C. A.) 4 F.(2d) 993; 33 C. J. 848 and cases cited. Therefore the failure to decide upon the further details of the organization of the proposed corporations does not necessarily invalidate the general agreement for a joint adventure if one is proven.

Accordingly, the motion to dismiss the first cause of action is denied.